UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JHENNEL FYFFE,<br>    *Plaintiff*,<br><br>v.<br><br>LENNY OGANDO, et al,<br>    *Defendants*. | )<br>)<br>)<br>)<br>)   3:23-CV-359 (OAW)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING IN PART MOTION TO DISMISS**

**THIS ACTION** is before the court upon Defendants' Amended Motion to Dismiss the Amended Complaint and memorandum in support hereof (together, "Motion"). ECF Nos. 59 and 59-1.[1] The court has reviewed` the Motion, Plaintiff's opposition brief, ECF No. 60, Defendants' reply brief, ECF Nos. 62, and the record in this matter, and is thoroughly advised in the premises. After careful review, the Motion hereby is **GRANTED in part** and **DENIED in part**.

**I.   BACKGROUND**

Plaintiff filed her amended complaint with the court's leave after the court granted in part Defendants' motion to dismiss her original complaint. The court incorporates the recitation of facts included in that ruling. *See* ECF No. 56 at 1–3. Briefly, Plaintiff is a black woman of West Indian ancestry who is employed by the Department of Correction ("DOC"). Defendant Ogando is her supervisor. She alleges that she has been harassed

---

[1] Defendants filed a motion to dismiss and an amended motion to dismiss, though the two filings appear to be identical. The court denies the first-filed motion, ECF No. 58, as moot.

1

at work for years because of her protected characteristics. Plaintiff asserts four claims in the amended complaint. As to DOC, she alleges violations of Title VII of the Civil Rights Act of 1964 under theories of disparate impact and hostile work environment (Count One), and retaliation (Count Two). As to Defendant Ogando, she alleges employment discrimination in violation of 18 U.S.C. §§ 1981 and 1983[2] (Count Three), and violation of the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60 (Count Four).[3]

## II. <u>LEGAL STANDARD</u>

To withstand a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a probability requirement, but the pleading must show, not merely allege, that the pleader is entitled to relief. *Id.* Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Id.* "To state a plausible claim, the complaint's

---

[2] Section 1981 protects individuals' right to contract, but violations of Section 1981 by state actors are actionable via Section 1983. *Duplan v. City of New York*, 888 F.3d 612, 616 (2d Cir. 2018) ("[W]e conclude that 42 U.S.C. § 1983 provides the sole cause of action available against state actors alleged to have violated § 1981."). Accordingly, the court construes this as a § 1983 claim.

[3] As with the original complaint, the amended complaint does not specify against which specific defendant each claim is asserted, but again, this information has been clarified through motion practice. Thus, the court considers moot Defendants' argument that Counts One and Two cannot be stated against Defendant Ogando, and that Counts Three and Four cannot be stated against DOC. The court therefore will not discuss those arguments herein.

'[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). However, when reviewing a 12(b)(6) motion to dismiss, the court must draw all reasonable inferences in the non-movant's favor. *Roth v. Jennings*, 489 F.3d 499, 503 (2d Cir. 2007).

### III.   DISCUSSION

Defendants argue that Count Three must be dismissed because Plaintiff has failed to allege fact sufficient to sustain a § 1981 claim against Defendant Ogando. They also argue that CFEPA claims are not cognizable against individuals, and therefore Count Four also must be dismissed. The court addresses each Count seriatim.

#### 1.   *Count Three: Section 1983*

The Equal Protection Clause protects public employees from discrimination at the workplace. *Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir.2006). "[P]ublic employees aggrieved by discrimination in the terms of their employment may bring suit under 42 U.S.C. § 1983 against any responsible persons acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). It is well-settled that violative conduct must be alleged against each defendant individually; supervisors are not vicariously liable for their subordinates' conduct. *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (holding that "there is no special rule for supervisory liability," but rather, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'") (quoting *Iqbal*, 556 U.S. at 676).

Defendants first argue that Plaintiff has failed to allege violative conduct against Defendant Ogando individually. The reduce her myriad additional asserted facts to mere conclusory allegations creating at best an inference of negligent supervision, which is not actionable. But the court disagrees. Within Count Three, Plaintiff clearly alleges that Defendant Ogando assigned her to work with someone whom he knew to have behaved inappropriately with Plaintiff in the past, ECF No. 57 at 7,[4] that he directed her to withdraw a formal report of sexual harassment against that individual, *id.* at 8, and that he denied her further training opportunities and assignments, *id.*, instead giving such opportunities to other, less qualified applicants of other genders and ethnicities, *id.* Count Three also incorporates the allegations of Count One, wherein Plaintiff asserts that Defendant Ogando wrongfully disciplined her and falsified her performance evaluation. *Id.* at 3-4. These are all specific actions allegedly by Defendant Ogando personally, and as he was Plaintiff's direct supervisor, the court finds it reasonable to infer that Defendant Ogando had the authority to assign his direct reports to different roles within the facility.[5] Accordingly, Defendants' first argument for dismissal of Count Three is rejected.

"[F]or a § 1983 discrimination claim to survive . . . a motion to dismiss, a plaintiff must plausibly allege a claim under the same standards applicable to a Title VII claim— and that the adverse action was taken by someone acting 'under color of state law.'" *Vega,* 801 F.3d at 88. It is undisputed that Defendant Ogando is acting under color of

---

[4] Plaintiff's amended complaint has inconsistent paragraph numbering, and so the court cites to the page numbers instead.

[5] The court does note, though, that the amended complaint refers to both positions and assignments being denied to Plaintiff, and it is not clear whether Defendant Ogando was responsible for the hiring of those positions. She specifically alleges, for example, that when she applied for a laundry position, Defendant Ogando told her she would not be selected for the position because she was a woman, and then she was not selected for that position. ECF No. 57 at 8. But it is not clear if this was an assignment she sought or a completely new role, and thus it is not clear whether one reasonably can infer that Defendant Ogando was the one who denied her the position.

state law when he operates within his DOC employment.  But Plaintiff still must satisfy each element of a prima facie case under Title VII.  She must show that "(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Id.* at 83 (quoting *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir.2000)) (internal quotation marks omitted).

The court found that in her original complaint, Plaintiff had satisfied the first three elements of the prima facie case, and the amended complaint does not alter that conclusion.  She is a member of several protected classes, she clearly is qualified for her position given her continued employment at DOC, and she adequately alleges that Defendant Ogando took adverse action against her by issuing discipline and a poor performance review without cause, and by denying her training opportunities, preferred assignments, and other positions within the prison.  Defendants argue that these allegations fall short of an adverse action because Plaintiff does not show that she suffered any material disadvantage as a result, but the court disagrees.  Plaintiff clearly states that Defendant Ogando promised her these opportunities in order to prepare her to apply for supervisory positions.  ECF No. 57 at 7.  Defendants attempt to write off this clear allegation as conclusory, but it is their argument that is conclusory, not the allegation.  Plaintiff clearly alleges that she sought opportunities to advance within the DOC, and it is reasonable to infer that absent the trainings and assignments she seeks, her ability to rise through the ranks (and presumably see a comparable rise in her compensation) is materially disadvantaged.  Accordingly, that argument is rejected.

The court does agree with Defendants, though, that Plaintiff again has failed to show the fourth element. The allegations in Count Three are entirely unclear as to when the alleged conduct occurred, even with reference to the facts alleged at Count One. Therefore, it is impossible to determine whether causation may be inferred from proximate timing, and also whether a claim predicated on those allegations is barred by the statute of limitations. This, coupled with the general lack of specificity in Plaintiff's allegations, renders any causal connection between Defendant Ogando's actions and Plaintiff's injuries too tenuous to sustain the claim against him.

Accordingly, the court dismisses Count Three for failure to state a claim.

### 2. *Count Four: CFEPA*

Defendants argue that Plaintiff again has failed to state her CFEPA claim because she now asserts the claim against Defendant Ogando, but CFEPA does not provide for individual liability. Plaintiff's opposition is not responsive to this argument. Instead, Plaintiff asserts that because Count Four seeks injunctive relief, it satisfies sovereign immunity's narrow exception pursuant to *Ex Parte Young*, 209 U.S. 123 (1908).

Plaintiff's response conflates several distinct laws and their attendant pleading requirements. *Ex Parte Young* carved out an exception to sovereign immunity, which generally permits a state (or a state agency) to be sued only if it consents, by allowing a plaintiff to sue "individual state officers in their official capacities, as opposed to the state, 'provided that [the] complaint (a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective.'" *Seneca Nation v. Hochul*, 58 F.4th 664, 670 (2d Cir. 2023) (quoting *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007)).

6

But sovereign immunity no longer is implicated here.[6] The issue is one of pure state statutory law: whether CFEPA allows for individual liability.

The court finds that Defendants' argument that CFEPA claims are not cognizable against individuals is overbroad. Defendants cite to *Anderson v. Derby Bd. of Educ.*, 718 F. Supp. 2d 258 (D. Conn. 2010), for this proposition, but even there, the Honorable Senior United States District Judge Charles S. Haight, Jr., noted that statements to the effect that there is no individual liability under CFEPA were "technically incorrect." *Id.* at 267 n.21 That ruling was narrow, relying upon *Perodeau v. City of Hartford*, 259 Conn. 729, 737 (2002), in finding that the particular subparagraph at issue in that case (subparagraph (a)(1), which we find today at subparagraph (b)(1)) did bar individual liability, but that other provisions of the CFEPA did not bar individual liability. *Anderson*, 718 F. Supp. 2d at 267 n.22; *see also* Conn. Gen. Stat. Ann. § 46a-60(b)(4)–(6) (prohibiting "any person" from certain acts). Accordingly, the court is not convinced that no CFEPA claim may be asserted against any individual.

Nevertheless, Plaintiff has asserted a claim under subparagraph (b)(1) specifically, which, per *Anderson* and *Perodeau,* does not provide for individual liability. Accordingly, Count Four again must be dismissed.

However, the court finds it in the interest of justice to grant Plaintiff's request for one final opportunity to amend **the dismissed claims only**. It appears that the deficiencies noted herein easily can be corrected, and Defendants have not indicated that they would be prejudiced if Plaintiff were granted leave to amend once more. *Meyer v.*

---

[6] Plaintiff previously asserted her CFEPA claim against DOC, which claim the court ruled was barred by sovereign immunity, also noting that *Ex Parte Young* only applied to claims against individual officials, and only for ongoing violations of federal law. ECF No. 56 at 7.

*Seidel*, 89 F.4th 117, 140 (2d Cir. 2023) ("Where the possibility exists that the defect can be cured and there is no prejudice to the defendant, leave to amend at least once should normally be granted as a matter of course.") (quoting *Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir. 1991)).  However, Plaintiff is cautioned that further opportunities are very unlikely to be granted, and she should take care to lay out her allegations thoroughly and specifically.

### IV.  **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss, ECF No. 20, is **DENIED in part** and is **GRANTED in part.**

    a. The Motion is denied with respect to Count One and Count Two.

    b. The MTD is granted with respect to Count Three and Count Four.

        i. The Clerk of Court respectfully is asked to please terminate Defendant Lenny Ogando from this action.

        ii. Plaintiff hereby is granted leave to amend the complaint **one final time** on or before **October 15, 2025.**  Such amendment shall address **only** Count Three and Count Four and shall pay particular attention to addressing those deficiencies identified herein.

2. Recognizing that the specific contours of the claims in this case still are being defined, the court finds it appropriate to refer this case to a United States Magistrate Judge for a settlement conference.  The Clerk of Court is asked to please assign a Magistrate Judge for this purpose.

**IT IS SO ORDERED** at Hartford, Connecticut, this 29th day of September, 2025.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE